1  DENNIS EVANS, California Bar # 276923
   3101 North Central Avenue, Suite 1500
2  Phoenix, Arizona 85012

3  **PHILLIPS DAYES**
   NATIONAL EMPLOYMENT LAW FIRM
4        *A Professional Corporation*
   3101 North Central Avenue, Suite 1500
5  Phoenix, Arizona 85012
   Telephone: 1-800-JOB-LAWS
6  docket@phillipsdayeslaw.com
   Trey Dayes, Arizona Bar # 020805 (*pro hac vice application pending*)
7  (602) 288-1610 ext. 301

8  Attorneys for Plaintiffs

9              **UNITED STATES DISTRICT COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
10

11 | Rasool Abbas;  Ghulam Abdul Hussain; Qasim | Case No.: |
   Ahmadi; Feroze Alipore; Amare Amiri;
12 Ahmadshah Aslamuddin; Habibulla           | **COMPLAINT AND DAMAGES FOR:** |
   Aslamuddin; Mo Azadzoi; Maab Darwaiz;      | 1) **Violations of the FLSA** |
13 Moradi Diyari;                            | 2) **Violations of California Labor Codes** |
   Khatool Ghousudin; Noroz Ali Ghulam Abbas;|    **§§ 510, 1194, and 1198** |
14 Qasim Ali Ghulam Abbas; Abdul Hussain;    | 3) **Violation of California Labor Codes** |
   Rishad Ismaili; Husain Jafari; Ashabuddin |    **§§ 226.7 and 512** |
15 Jamaluddin;  Nisar Jannisari; Shuayb Jawed;| 4) **Violation of California Labor Codes** |
   Kasim Kazam; Farshad Khairy; Haroon Khalil;|    **§§ 226 and 1174)** |
16 Khalil Rahmani; Qader Kohistany; Hamayoun | 5) **Violation of California Labor Codes** |
   Majeed; Mahmadin Mirojudin; Fahima        |    **§§ 201-203** |
17 Mohammad; Fiaz Mohammad; Naseem           | 6) **Violations of California Bus. And Prf.** |
   Moharamali; Mohamad Mohsen; Sohrab        |    **Code § 17200, et seq** |
18 Moulaiy; Foteh Muhammad; Weiss Nawabi;    | 7) **Declaratory Action** |
   Sulaiman Nazari; Ahmad Parwez Alborz;     | 8) **Declaratory Action** |
19 Najmuddin Rahimi; Mustafa Rahman; ;
   Hoshang Rahmati; Faruk Raykar; Aslamuddin
20 Sadruddin; Hakim Sadry; Solaiman Saifi; Agha
   Zia Sayed Mohammadzia; Khalid Stanikzai;
21 Khalil Tahiry; Faisal Tarakhil; Mohammed
   Wardak; Mirwais Yaqoobi; Khatereh Yazdani;
22 and Maryam Yazdani; individually:
23
24                  Plaintiffs,
25

Complaint and Demand for Jury Trial                                    Page 1

vs.

Tatitlek Support Services, Inc., a foreign corporation; GeoNorth LLC, a foreign limited liability company,

       Defendants,

Plaintiffs allege as follows:

### NATURE OF THE CASE

1.    Plaintiffs bring this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and specifically the overtime provision of the Act found at § 207(a).

2.    For at least three (3) years prior to the filing of this action, Defendants had a consistent policy and practice of requiring its employees to work far in excess of forty (40) hours per week without paying them time and a half for all hours worked over forty (40) hours per week.

3.    Plaintiffs seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

4.    Plaintiffs seek relief pursuant to the Labor Code provisions of the State of California. Specifically, Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.,* and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, 1194, 1198, and the applicable Cal. Wage Order.

5.    Defendants failed to provide Plaintiffs with meal and rest periods in violation of California Labor Code §§ 226.7 and 512 and the applicable wage order. Defendants' violations

of law constituted oppressive, fraudulent, and/or malicious conduct sufficient to support an award of punitive damages and were "willful" because they were aware that Plaintiffs 'were regularly working uncompensated overtime, had the means and opportunity to accurately track Plaintiffs' time worked but failed to do so.

6.     Al the Plaintiffs are non-exempt, hourly employees who worked on "Missions" for Defendants' Twentynine Palms project (the "Project") located at the United States Marine Corps Air Ground Combat Center in Twentynine Palms, California. Plaintiffs allege Defendants have engaged in unlawful patterns and practices of failing to pay overtime pay as required by the FLSA and failing to meet the requirements of both the California Labor Code and California Business and Professions Code.

7.     Defendants withheld federal income taxes from Plaintiffs' paychecks.

8.     Plaintiffs are not independent contractors.

9.     This action is comprised individuals who worked on "Missions" for the Project located at the United States Marine Corps Air Ground Combat Center in Twentynine Palms, California for Tatitlek Support Services, Inc., and GeoNorth LLC to challenge its policies and practices of: (1) failing to pay its non-exempt, hourly employees for all hours worked, including overtime compensation (2) failing to authorize, permit, and/or make available to its non-exempt, hourly employees who worked on "missions" for the Project located at the United States Marine Corps Air Ground Combat Center in Twentynine Palms, California meal and rest periods to which they are entitled by law, and failing to pay premium pay for these missed breaks; (3) failing to provide such employees with accurate, itemized wage statements; (4) failure to provide such employees with rest breaks in violation of California law; and (5) failure to provide such employees with meal breaks in violation of California law.

10.     Plaintiffs would work 4-7 day "Missions" in which they were routinely denied timely and compliant meal and rest periods and the requisite pay for working through such

1    breaks. In addition, Defendants would not credit Plaintiffs for all hours worked, including

2    overtime work for which they were not adequately compensated at time and one half or double

3    time.

4        11.    This daily time that Defendants required Plaintiffs to work without

5    compensation deprives them of substantial amounts of pay to which they are entitled under

6    Federal and California law.

7        12.    Defendants routinely refused to authorize, permit, and/or make available to

8    Plaintiffs timely and compliant thirty-minute meal periods as required by law from the hours of

9    approximately 5 a.m. to 5 p.m. Plaintiffs would work a continuous shift with no meal periods

10   and were denied premium pay for this violation.

11       13.    Under California law, generally, non-exempt, hourly employees are to receive

12   one thirty minute unpaid meal break at the conclusion of every five hours of labor performed.

13   Defendants' policy violates California law in this respect.

14       14.    Defendants and Plaintiffs had no agreement to exclude sleep time from their

15   compensation. Employees would regularly complain about not being paid for this time, and

16   were simply told if they did not like it they could go home. Employees were trapped on a base

17   for the entirety of a mission and had no means to leave. Employees would regularly be woken

18   up at all times in the night during the "Missions." They did not receive a period of five hours of

19   uninterrupted sleep time and as such sleep time is compensable.

20       15.    Defendants further failed to provide Plaintiffs accurate and itemized wage

21   statements.

22       16.    As a result of these violations, Defendants are liable for additional penalties

23   under Federal and State law.

24       17.    Plaintiffs seek full compensation for all overtime wages, full compensation for

25   denied timely and compliant meal and rest periods, waiting time penalties, and premium pay.

1   Plaintiffs also seek declaratory and injunctive relief, including restitution. Finally, Plaintiffs
2   seek reasonable attorneys' fees and costs under the Fair Labors Standards Act, California
3   Labor Code and California Code of Civil Procedure § 1021.5.

4                                    **JURISDICTION AND VENUE**

5        18.    This action arises under § 16(b) of the Fair Labor Standards Act ("FLSA"), 29
6   U.S.C. §216(b). The jurisdiction of the Court over this matter is founded upon 28 U.S.C. §§
7   1331 and 1337, as well as pursuant to the FLSA under 29 U.S.C. § 216(b). to the FLSA under
8   29 U.S.C. § 216(b). "An action to recover the liability prescribed in either of the preceding
9   sentences may be maintained against any employer (including a public agency) in any Federal
10  or State court of competent jurisdiction." 29 U.S.C. 216(b). Further, this Court has
11  supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a)
12  because they are so related to this action that they form part of the same case or controversy.

13       19.    This Court has jurisdiction over the California state law claims under 28 U.S.C. §
14  1332(a) as the parties are citizens of different states and  the matter in controversy exceeds the
15  sum or value of $75,000.

16       20.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because
17  Defendants' obligations and liability arise in this district, Defendants transact business within
18  this Judicial District, and because Plaintiff performed the work at issue in this action for
19  Defendants in this Judicial District.

20       21.    This Court is empowered to issue declaratory relief pursuant to 28 U.S.C. §§
21  2201 and 2202.

22                                             **PARTIES**

23       22.    At all times material hereto, Plaintiffs were residents of the States of Arizona,

1  California, and Nevada but worked for Defendants exclusively in California.[1]

2      23.    One Plaintiff, Shuayb Jawad is a resident of Canada but worked for Defendants

3  exclusively in California.

4      24.    On information and belief, at all times material hereto, Defendant Tatitlek

5  Support Services, Inc., is a corporation incorporated in Alaska, with multiple locations

6  throughout the nation, including California.

7      25.    On information and belief, at all times material hereto, Defendant GeoNorth LLC

8  is a limited liability company formed under the laws of the State of Alaska, with multiple

9  locations throughout the nation, including California.

10      26.    On information and belief, Defendants Tatitlek Support Services, Inc. and

11  GeoNorth LLC are subsidiaries wholly owned and operated by The Tatitlek Corporation, Inc.

12      27.    Defendants, Tatitlek Support Services, Inc., and GeoNorth LLC have common

13  ownership, directors, and members. As such they shall collectively be referred to as "Tatitlek"

14  for purposes of this Complaint.

15      28.    Plaintiffs were always under the understanding that they worked for Tatitlek as a

16  whole, not any single entity. Both Defendants would issue paychecks to Plaintiffs. Both

17  Defendants are joint employers of Plaintiffs under the FLSA and California law.

18      29.    Plaintiffs worked for Defendants at the United States Marine Corps Air Ground

19  Combat Center in Twentynine Palms, California.

20      30.    Plaintiff  Rasool Abbas was a non-exempt hourly paid interpreter who worked

21  _____

22  [1] **Arizona**- Rasool Abbas; Ghulam Abdul Hussain; Aslamuddin Ahmadshah; Amiri Amare; Ahmadshah Aslamuddin;
   Habibulla Aslamuddin; Maab Darwaiz; Moradi Diyari; Tarakhil Faisal; Khatool Ghousudin; Noroz Alie Ghulam Abbas;

23  Qasim Ali Ghulam Abbas; Rishad Ismaili; Husain Jafari; Abdul Hussain; Ashamuddin Jamaluddin; Nisar Jannisari; Kasim
   Kazam; Farshad Khairy; Qader Kohistany; Hamayoun Majeed; Mahmadin Mirojudin; Fahima Mohammad; Fiaz

24  Muhammad; Naseem Mohramali; Sohrab Moulaiy; Foteh Mohammad; Ahmad Parwez Alborz; Najmuddin Rahimi;
   Mustafa Rahman; Faruk Raykar;Hakim Sadry; Aslamuddin Sadruddin; Agha Zia Sayed Mohammadzia; Khalid Stanikzai;
   Mirwais Yaqoubi; Khatera Yazdani; and Maryam Yazdani.

25  **California**- Qasim Ahmadi; Mo Azadzoi; Weiss Nawabi; Sulaiman Nazari; Khalil Rahmani; Hoshang Rahmati; Solaiman
   Saifi; and Khalil Tahiry.

1   for Tatitlek from in 2009 and ended his employment in May 2013.

2   31.   Plaintiff Ghulam Abdul Hussain was a non-exempt hourly paid role player who

3   worked for Tatitlek from 2010 to June of 2012.

4   32.   Plaintiff  Qasim Ahmadi was a non-exempt hourly paid role player who worked

5   for Tatitlek from August 2010 to February of 2014.

6   33.   Plaintiff Feroze Alipore was a non-exempt hourly paid role player who worked

7   for Tatitlek from 2010 to November of 2014.

8   34.   Plaintiff Amare Amiri was a non-exempt hourly paid interpreter who worked for

9   Tatitlek from in August 2011 and ended his employment in April 2014.

10   35.   Plaintiff Ahmadshah Aslamuddin  was a non-exempt hourly paid role player who

11   worked for Tatitlek from October 2010 to June of 2013.

12   36.   Plaintiff Habibulla Aslamuddin  was a non-exempt hourly paid role player who

13   worked for Tatitlek from September 2010 through 2012.

14   37.   Plaintiff Maab Darwaiz  was a non-exempt hourly paid role player who worked

15   for Tatitlek from 2009 to May of 2014.

16   38.   Plaintiff  Moradi Diyari was a non-exempt hourly paid role player who worked

17   for Tatitlek from September of 2009 until 2014.

18   39.   Plaintiff  Khatool Ghousudin was a non-exempt hourly paid role player who

19   worked for Tatitlek from July of 2010 until February of 2012.

20   40.   Plaintiff Noroz Ali Ghulam Abbas  was a non-exempt hourly paid interpreter and

21   role player who worked for Tatitlek from 2008 to November of 2014.

22   41.   Plaintiff Qasim Ali Ghulam Abbas was a non-exempt hourly paid role player

23   who worked for Tatitlek from 2008 to November of 2014.

24

25   _____

**Nevada**- Feroze Alipore and Mohammed Wardak.

42.     Plaintiff Abdul Hussain was a non-exempt hourly paid role player who worked for Tatitlek from in 2010 through 2014.

43.     Plaintiff Rishad Ismaili  was a non-exempt hourly paid role player who worked for Tatitlek from December 2009 to November of 2014.

44.     Plaintiff Husain Jafari  was a non-exempt hourly paid role player who worked for Tatitlek from March 2010 to November of 2013.

45.     Plaintiff Ashabuddin Jamaluddin  was a non-exempt hourly paid role player who worked for Tatitlek from August 2008 through 2014.

46.     Plaintiff Nisar Jannisari  was a non-exempt hourly paid role player who worked for Tatitlek from August 2008 to February of 2014

47.     Plaintiff Shuayb Jawed  was a non-exempt hourly paid role player who worked for Tatitlek from October 2009 to March of 2013.

48.     Plaintiff Kasim Kazam was a non-exempt hourly paid role player who worked for Tatitlek from June 2009 to October of 2012.

49.     Plaintiff Farshad Khairy was a non-exempt hourly paid interpreter and role player who worked for Tatitlek from 2008 to November of 2014.

50.     Plaintiff Haroon Khalil  was a non-exempt hourly paid role player who worked for Tatitlek from May 2009 to July of 2013.

51.     Plaintiff Khalil Rahmani was a non-exempt hourly paid role player who worked for Tatitlek from August 2009 to September of 2013.

52.     Plaintiff Qader Kohistany  was a non-exempt hourly paid role player who worked for Tatitlek from December of 2009 through 2014.

53.     Plaintiff Hamayoun Majeed was a non-exempt hourly paid role player who worked for Tatitlek from February of 2010 to November of 2012.

54.     Plaintiff Mahmadin Mirojudin    was a non-exempt hourly paid role player who

worked for Tatitlek from 2009 to December of 2012.

55.     Plaintiff Fahima Mohammad was a non-exempt hourly paid role player who worked for Tatitlek from February of 2010 to March of 2014.

56.     Plaintiff Fiaz Mohammad was a non-exempt hourly paid role player who worked for Tatitlek from August of 2009 to November of 2014.

57.     Plaintiff Naseem Moharamali was a non-exempt hourly paid interpreter and role player who worked for Tatitlek from May of 2011 to January of 2014.

58.     Plaintiff Mohamad Mohsen was a non-exempt hourly paid role player who worked for Tatitlek from December of 2010 to April of 2014.

59.     Plaintiff Sohrab Moulaiy was a non-exempt hourly paid role player who worked for Tatitlek from August of 2008 to August of 2013.

60.     Plaintiff Foteh Muhammad was a non-exempt hourly paid role player who worked for Tatitlek from February of 2011 to November of 2014.

61.     Plaintiff Weiss Nawabi was a non-exempt hourly paid role player who worked for Tatitlek from 2008 to approximately 2012.

62.     Plaintiff Sulaiman Nazari was a non-exempt hourly paid role player who worked for Tatitlek from July of 2009 to February of 2014.

63.     Plaintiff Ahmad Parwez Alborz was a non-exempt hourly paid role player who worked for Tatitlek from 2008 to April of 2013.

64.     Plaintiff Najmuddin Rahimi was a non-exempt hourly paid role player who worked for Tatitlek from 2008 through 2014.

65.     Plaintiff Mustafa Rahman was a non-exempt hourly paid role player who worked for Tatitlek from March of 2008 until January of 2013.

66.     Plaintiff Hoshang Rahmati was a non-exempt hourly paid role player who worked for Tatitlek from 2008 through at least 2011.

67.    Plaintiff Faruk Raykar was a non-exempt hourly paid role player who worked for Tatitlek from February 2010 to November of 2014.

68.    Plaintiff Aslamuddin Sadruddin was a non-exempt hourly paid role player who worked for Tatitlek from June 2009 through 2012.

69.    Plaintiff Hakim Sadry was a non-exempt hourly paid role player who worked for Tatitlek from January 2009 through 2014.

70.    Plaintiff Solaiman Saifi was a non-exempt hourly paid role player who worked for Tatitlek from December 2009 to February of 2013.

71.    Plaintiff Agha Zia Sayed Mohammadzia was a non-exempt hourly paid role player who worked for Tatitlek from January 2010 to December of 2013.

72.    Plaintiff Khalid Stanikzai was a non-exempt hourly paid role player who worked for Tatitlek from August 2008 through 2014.

73.    Plaintiff Khalil Tahiry was a non-exempt hourly paid role player who worked for Tatitlek from July 2009 to April 2012.

74.    Plaintiff Faisal Tarakhil was a non-exempt hourly paid role player who worked for Tatitlek from June of 2010 through June of 2013.

75.    Plaintiff Mohammed Wardak was a non-exempt hourly paid interpreter and role player who worked for Tatitlek from February 2012 to march 2014.

76.    Plaintiff Mirwais Yaqoobi was a non-exempt hourly paid interpreter and role player who worked for Tatitlek from November 2009 to April of 2014.

77.    Plaintiff Khatereh Yazdani was a non-exempt hourly paid role player who worked for Tatitlek from August 2010 to September of 2013.

78.    Plaintiff Maryam Yazdani was a non-exempt hourly paid role player who worked for Tatitlek from in August 2010 to September of 2013.

79.    At all relevant times, Plaintiffs were each an "employee" of Defendants Tatitlek,

1   as defined by 29 U.S.C. § 203(e)(1).

2       80.    The provisions set forth in 29 U.S.C § 206 and § 207 of the FLSA apply to

3   Defendants.

4       81.    At all relevant times, Defendants were, and continue to be an "employer" as

5   defined in 29 U.S.C. § 203(d).

6       82.    Upon information and belief, at all times alleged, Defendants were corporations

7   or other business entities qualified to and doing business in the State of California.

8       83.    Upon information and belief, at all times alleged, Defendants are and were an

9   "employer" within the meaning of the California Labor Code.

10       84.    Upon information and belief, at all times alleged, the annual gross revenue of

11   Tatitlek exceeded $500,000.00.

12   **FACTUAL BACKGROUND**

13       85.    The United States Marine Corps Air Ground Combat Center, Twentynine Palms,

14   California ("29 Palms") is one of the largest training bases for the United States Marine Corps.

15       86.    Many Marines who will be deploying to the Middle East or neighboring regions

16   undergo training at 29 Palms which includes simulation training in a fabricated Middle Eastern

17   village comprised of native role-players.

18       87.    29 Palms is not a federal enclave. It is on land which California retained

19   sovereignty over.

20       88.    Defendants provided 29 Palms with the native role-players and interpreters who

21   would aid the Marines in these realistic pre-deployment training missions.

22       89.    Through a contract with the United States Military, Defendants have been paid

23   over three hundred million dollars for these services.

24       90.    Role players would occupy the village, taking on the roles of all the inhabitants

25   of the village, or other required characters, during the training missions.

91.     Interpreters would provide language translation services to Marines during the missions.

92.     Plaintiffs would use their own transportation to arrive at a bussing station, from which Defendants would bus Plaintiffs to 29 Palms.

93.     The missions would vary in length from three to seven days.

94.     During these missions, role players would be in character for the entire period, 24 hours per day.

95.     The role players would live in the village with no running water or electricity. Troops would interact with the role players at all times of the day and night in accordance with the specific mission tasks.

96.     Plaintiffs' day shift would typically begin at 5 a.m. Plaintiffs worked as role players, in character and costume, until approximately 5 p.m. without meal or rest breaks until their shift ended.

97.     At the end of their day shift, Plaintiffs had a one hour dinner before their night shift began.

98.     Plaintiffs then were on duty, working as role players, in character and costume during the night shift, from 6 p.m. to 4 a.m.

99.     From 6 p.m. to 10 p.m. the role players were on duty and were required to interact with the Marines. They could not sleep until 10 p.m.

100.    During the night shift, Plaintiffs were primarily directed in duties for the fulfillment of Defendants' requirements for the jobs and were substantially restricted from personal activities. They were always required to be on duty, in character and costume.

101.    Plaintiffs were allowed to sleep from 10 p.m. to 4 a.m. But sleep was regularly interrupted by mission scenarios.

102.    When sleep time was interrupted Plaintiffs were not able to get five hours of

1  uninterrupted sleep.

2      103.   The night shift ended with breakfast from 4 a.m. to 5 a.m.

3      104.   During these missions, an interpreter would be assigned to the troops as well.

4      105.   Interpreters would accompany soldiers throughout the entire span of the mission.
5  They would be by their side the entire time, twenty four hours a day.

6      106.   Any verbal communication interactions with village role players would be
7  accomplished through the interpreters in order for the missions to be as realistic as possible.

8      107.   Defendants would only compensate employees for 10 or 12 hours each day even
9  though they were working two shifts per day for a total of 22 hours.

10      108.   Once on the base, role players and interpreters were not allowed to leave the base
11  under any circumstance until the mission was over.

12      109.   Role players were required to live on the base, in the fabricated village during the
13  entirety of the mission and stay in character and on duty for their day and night shifts.

14      110.   During the day and night shifts, role players and interpreters were never out of
15  character, permanently assuming the role they were assigned until the end of the mission.

16      111.   Plaintiffs would not receive compensation for the night shift even though the
17  shifts per day were less than 24 hours per day.

18      112.   The sleeping facilities provided to Plaintiffs were not adequate. They had no air
19  conditioning or heating capabilities and as such employees suffered through the extreme
20  temperatures of that region. Further, there was no privacy, no electricity, and no running water.

21      113.   Plaintiffs were non-exempt employees.

22      114.   Plaintiffs had no supervision or management responsibilities.

23      115.   Plaintiffs could neither hire nor fire employees.

24      116.   Plaintiffs had no authority to exercise significant independent judgment on issues
25  that affect the whole company when carrying out their job responsibilities.

117.   Defendants managed, supervised, and directed all aspects of Plaintiffs' job duties and responsibilities.

118.   Plaintiffs' primary duty was not the performance of work directly related to the management or general business operations of Defendants' or their customers.

119.   During the entire relevant period, Plaintiffs routinely worked in excess of forty hours per week without receiving proper compensation for their overtime wages.

120.   For every work week in which Plaintiffs had Missions for Defendants they worked over forty hours in that work week and were not compensated fully for their overtime. The missions lasted 4-7 days, even on the 4 day missions, since Plaintiffs were working 22 hours per day; they always worked over forty hours in a work week while working for Defendants on Missions.

121.   During the entire relevant period, Defendants had a consistent policy of not allowing Plaintiffs to eat lunch or take breaks throughout their shifts.

122.   Plaintiffs never consented to waiving their allotted lunch or break times.

123.   During missions, Plaintiffs did not have an uninterrupted five-hour sleep periods. They were on duty and frequently woken up to role play. If they were awoken for part of a mission, they were not compensated for that time.

124.   Plaintiffs never entered into an agreement to exclude from hours worked a bona fide regularly scheduled uninterrupted sleeping period. Plaintiffs were told but disagreed and complained about this policy. They were told if they did not like it, they could simply go home.

125.   Plaintiffs' shifts were under 24 hours and as such must be compensated for sleep time.

126.   Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA was willful and knowing.

127.   Defendants are aware of the requirements under the FLSA to properly

1    compensate employees.

2        128.    Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their

3    rights under the FLSA.

4        129.    Plaintiff  Rasool Abbas was a non-exempt hourly paid interpreter who worked

5    for Tatitlek from in 2009 and ended his employment in May 2013.

6        130.    At no time did Plaintiff Rasool Abbas enter into an agreement with Defendants

7    in regards to taking rest breaks, meal periods, or sleep periods.

8        131.    During each mission, Plaintiff Rasool Abbas worked more than eight hours in a

9    day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted

10   sleep periods and did not receive an accurate itemized wage statement.

11       132.    During certain missions, Plaintiff Rasool Abbas would work more than six days

12   in a seven day period.

13       133.    Plaintiff Ghulam Abdul Hussain was a non-exempt hourly paid role player who

14   worked for Tatitlek from 2010 to June of 2012.

15       134.    At no time did Plaintiff Ghulam Abdul Hussain enter into an agreement with

16   Defendants in regards to taking rest breaks, meal periods, or sleep periods.

17       135.    During each mission, Plaintiff Ghulam Abdul Hussain worked more than eight

18   hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

19   uninterrupted sleep periods and did not receive an accurate itemized wage statement.

20       136.    During certain missions, Plaintiff Ghulam Abdul Hussain would work more than

21   six days in a seven day period.

22       137.    Plaintiff  Qasim Ahmadi was a non-exempt hourly paid role player who worked

23   for Tatitlek from August 2010 to February of 2014.

24       138.    At no time did Plaintiff Qasim Ahmadi enter into an agreement with Defendants

25   in regards to taking rest breaks, meal periods, or sleep periods.

139.   During each mission, Plaintiff Qasim Ahmadi worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

140.   During certain missions, Plaintiff Qasim Ahmadi would work more than six days in a seven day period.

141.   Plaintiff Feroze Alipore was a non-exempt hourly paid role player who worked for Tatitlek from 2010 to November of 2014.

142.   At no time did Plaintiff Feroze Alipore enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

143.   During each mission, Plaintiff Feroze Alipore worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

144.   During certain missions, Plaintiff Feroze Alipore would work more than six days in a seven day period.

145.   Plaintiff Amare Amiri was a non-exempt hourly paid interpreter who worked for Tatitlek from in August 2011 and ended his employment in April 2014.

146.   At no time did Plaintiff Amare Amiri enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

147.   During each mission, Plaintiff Amare Amiri worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

148.   During certain missions, Plaintiff Amare Amiri would work more than six days in a seven day period.

149.   Plaintiff Ahmadshah Aslamuddin  was a non-exempt hourly paid role player who worked for Tatitlek from October 2010 to June of 2013.

1    150.   At no time did Plaintiff Ahmadshah Aslamuddin  enter into an agreement with
2    Defendants in regards to taking rest breaks, meal periods, or sleep periods.

3    151.   During each mission, Plaintiff Ahmadshah Aslamuddin  worked more than eight
4    hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or
5    uninterrupted sleep periods and did not receive an accurate itemized wage statement.

6    152.   During certain missions, Plaintiff Ahmadshah Aslamuddin  would work more
7    than six days in a seven day period.

8    153.   Plaintiff Habibulla Aslamuddin  was a non-exempt hourly paid role player who
9    worked for Tatitlek from September 2010 through 2012.

10    154.   At no time did Plaintiff Habibulla Aslamuddin  enter into an agreement with
11    Defendants in regards to taking rest breaks, meal periods, or sleep periods.

12    155.   During each mission, Plaintiff Habibulla Aslamuddin  worked more than eight
13    hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or
14    uninterrupted sleep periods and did not receive an accurate itemized wage statement.

15    156.   During certain missions, Plaintiff Habibulla Aslamuddin  would work more than
16    six days in a seven day period.

17    157.   Plaintiff Maab Darwaiz  was a non-exempt hourly paid role player who worked
18    for Tatitlek from 2009 to May of 2014.

19    158.   At no time did Plaintiff Maab Darwaiz  enter into an agreement with Defendants
20    in regards to taking rest breaks, meal periods, or sleep periods.

21    159.   During each mission, Plaintiff Maab Darwaiz  worked more than eight hours in a
22    day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted
23    sleep periods and did not receive an accurate itemized wage statement.

24    160.   During certain missions, Plaintiff Maab Darwaiz  would work more than six days
25    in a seven day period.

161.    Plaintiff  Moradi Diyari was a non-exempt hourly paid role player who worked for Tatitlek from September of 2009 until 2014.

162.    At no time did Plaintiff Moradi Diyari enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

163.    During each mission, Plaintiff Moradi Diyari worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

164.    During certain missions, Plaintiff Moradi Diyari would work more than six days in a seven day period.

165.    Plaintiff  Khatool Ghousudin was a non-exempt hourly paid role player who worked for Tatitlek from July of 2010 until February of 2012.

166.    At no time did Plaintiff Khatool Ghousudin enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

167.    During each mission, Plaintiff Khatool Ghousudin worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

168.    During certain missions, Plaintiff Khatool Ghousudin would work more than six days in a seven day period.

169.    Plaintiff Noroz Ali Ghulam Abbas was a non-exempt hourly paid interpreter and role player who worked for Tatitlek from 2008 to November of 2014.

170.    At no time did Plaintiff Noroz Ali Ghulam Abbas  enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

171.    During each mission, Plaintiff Noroz Ali Ghulam Abbas  worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

172. During certain missions, Plaintiff Noroz Ali Ghulam Abbas would work more than six days in a seven day period.

173. Plaintiff Qasim Ali Ghulam Abbas was a non-exempt hourly paid role player who worked for Tatitlek from 2008 to November of 2014.

174. At no time did Plaintiff Qasim Ali Ghulam Abbas enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

175. During each mission, Plaintiff Qasim Ali Ghulam Abbas worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

176. During certain missions, Plaintiff Qasim Ali Ghulam Abbas would work more than six days in a seven day period.

177. Plaintiff Abdul Hussain was a non-exempt hourly paid role player who worked for Tatitlek from in 2010 through 2014.

178. At no time did Plaintiff Abdul Hussain enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

179. During each mission, Plaintiff Abdul Hussain worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

180. During certain missions, Plaintiff Abdul Hussain would work more than six days in a seven day period.

181. Plaintiff Rishad Ismaili was a non-exempt hourly paid role player who worked for Tatitlek from December 2009 to November of 2014.

182. At no time did Plaintiff Rishad Ismaili enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

183. During each mission, Plaintiff Rishad Ismaili worked more than eight hours in a

1    day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted
2    sleep periods and did not receive an accurate itemized wage statement.

3    184.    During certain missions, Plaintiff Rishad Ismaili  would work more than six days
4    in a seven day period.

5    185.    Plaintiff Husain Jafari was a non-exempt hourly paid role player who worked for
6    Tatitlek from March 2010 to November of 2013.

7    186.    At no time did Plaintiff Husain Jafari  enter into an agreement with Defendants in
8    regards to taking rest breaks, meal periods, or sleep periods.

9    187.    During each mission, Plaintiff Husain Jafari  worked more than eight hours in a
10   day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted
11   sleep periods and did not receive an accurate itemized wage statement.

12   188.    During certain missions, Plaintiff Husain Jafari  would work more than six days
13   in a seven day period.

14   189.    Plaintiff Ashabuddin Jamaluddin  was a non-exempt hourly paid role player who
15   worked for Tatitlek from August 2008 through 2014.

16   190.    At no time did Plaintiff Ashabuddin Jamaluddin   enter into an agreement with
17   Defendants in regards to taking rest breaks, meal periods, or sleep periods.

18   191.    During each mission, Plaintiff Ashabuddin Jamaluddin   worked more than eight
19   hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or
20   uninterrupted sleep periods and did not receive an accurate itemized wage statement.

21   192.    During certain missions, Plaintiff Ashabuddin Jamaluddin    would work more
22   than six days in a seven day period.

23   193.    Plaintiff Nisar Jannisari was a non-exempt hourly paid role player who worked
24   for Tatitlek from August 2008 to February of 2014.

25   194.    At no time did Plaintiff Nisar Jannisari  enter into an agreement with Defendants

1   in regards to taking rest breaks, meal periods, or sleep periods.

2       195.   During each mission, Plaintiff Nisar Jannisari worked more than eight hours in a

3   day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted

4   sleep periods and did not receive an accurate itemized wage statement.

5       196.   During certain missions, Plaintiff Nisar Jannisari would work more than six days

6   in a seven day period.

7       197.   Plaintiff Shuayb Jawed was a non-exempt hourly paid role player who worked

8   for Tatitlek from October 2009 to March of 2013.

9       198.   At no time did Plaintiff Shuayb Jawed  enter into an agreement with Defendants

10   in regards to taking rest breaks, meal periods, or sleep periods.

11       199.   During each mission, Plaintiff Shuayb Jawed   worked more than eight hours in

12   a day and forty hours in a workweek, did not receive rest periods, meal periods, or

13   uninterrupted sleep periods and did not receive an accurate itemized wage statement.

14       200.   During certain missions, Plaintiff Shuayb Jawed    would work more than six

15   days in a seven day period.

16       201.   Plaintiff Kasim Kazam was a non-exempt hourly paid role player who worked

17   for Tatitlek from June 2009 to October of 2012.

18       202.   At no time did Plaintiff Kasim Kazam enter into an agreement with Defendants

19   in regards to taking rest breaks, meal periods, or sleep periods.

20       203.   During each mission, Plaintiff Kasim Kazam worked more than eight hours in a

21   day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted

22   sleep periods and did not receive an accurate itemized wage statement.

23       204.   During certain missions, Plaintiff Kasim Kazam would work more than six days

24   in a seven day period.

25       205.   Plaintiff Farshad Khairy was a non-exempt hourly paid interpreter and role

player who worked for Tatitlek from 2008 to November of 2014.

206.   At no time did Plaintiff Farshad Khairy enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

207.   During each mission, Plaintiff Farshad Khairy worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

208.   During certain missions, Plaintiff Farshad Khairy would work more than six days in a seven day period.

209.   Plaintiff Haroon Khalil was a non-exempt hourly paid role player who worked for Tatitlek from May 2009 to July of 2013.

210.   At no time did Plaintiff Haroon Khalil  enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

211.   During each mission, Plaintiff Haroon Khalil  worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

212.   During certain missions, Plaintiff Haroon Khalil  would work more than six days in a seven day period.

213.   Plaintiff Khalil Rahmani was a non-exempt hourly paid role player who worked for Tatitlek from August 2009 to September of 2013.

214.   At no time did Plaintiff Khalil Rahmani enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

215.   During each mission, Plaintiff Khalil Rahmani  worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

216.   During certain missions, Plaintiff Khalil Rahmani  would work more than six

1  days in a seven day period.

2        217.    Plaintiff Qader Kohistany was a non-exempt hourly paid role player who worked

3  for Tatitlek from December of 2009 through 2014.

4        218.    At no time did Plaintiff Qader Kohistany  enter into an agreement with

5  Defendants in regards to taking rest breaks, meal periods, or sleep periods.

6        219.    During each mission, Plaintiff Qader Kohistany  worked more than eight hours in

7  a day and forty hours in a workweek, did not receive rest periods, meal periods, or

8  uninterrupted sleep periods and did not receive an accurate itemized wage statement.

9        220.    During certain missions, Plaintiff Qader Kohistany  would work more than six

10  days in a seven day period.

11        221.    Plaintiff Hamayoun Majeed was a non-exempt hourly paid role player who

12  worked for Tatitlek from February of 2010 to November of 2012.

13        222.    At no time did Plaintiff Hamayoun Majeed enter into an agreement with

14  Defendants in regards to taking rest breaks, meal periods, or sleep periods.

15        223.    During each mission, Plaintiff Hamayoun Majeed  worked more than eight hours

16  in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

17  uninterrupted sleep periods and did not receive an accurate itemized wage statement.

18        224.    During certain missions, Plaintiff Hamayoun Majeed  would work more than six

19  days in a seven day period.

20        225.    Plaintiff Mahmadin Mirojudin   was a non-exempt hourly paid role player who

21  worked for Tatitlek from 2009 to December of 2012.

22        226.    At no time did Plaintiff Mahmadin Mirojudin    enter into an agreement with

23  Defendants in regards to taking rest breaks, meal periods, or sleep periods.

24        227.    During each mission, Plaintiff Mahmadin Mirojudin    worked more than eight

25  hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

1    uninterrupted sleep periods and did not receive an accurate itemized wage statement.

2         228.   During certain missions, Plaintiff Mahmadin Mirojudin   would work more than

3    six days in a seven day period.

4         229.   Plaintiff Fahima Mohammad was a non-exempt hourly paid role player who

5    worked for Tatitlek from February of 2010 to March of 2014.

6         230.   At no time did Plaintiff Fahima Mohammad enter into an agreement with

7    Defendants in regards to taking rest breaks, meal periods, or sleep periods.

8         231.   During each mission, Plaintiff Fahima Mohammad worked more than eight hours

9    in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

10   uninterrupted sleep periods and did not receive an accurate itemized wage statement.

11        232.   During certain missions, Plaintiff Fahima Mohammad  would work more than six

12   days in a seven day period.

13        233.   Plaintiff Fiaz Mohammad   was a non-exempt hourly paid role player who

14   worked for Tatitlek from August of 2009 to November of 2014.

15        234.   At no time did Plaintiff Fiaz Mohammad enter into an agreement with

16   Defendants in regards to taking rest breaks, meal periods, or sleep periods.

17        235.   During each mission, Plaintiff Fiaz Mohammad worked more than eight hours in

18   a day and forty hours in a workweek, did not receive rest periods, meal periods, or

19   uninterrupted sleep periods and did not receive an accurate itemized wage statement.

20        236.   During certain missions, Plaintiff Fiaz Mohammad would work more than six

21   days in a seven day period.

22        237.   Plaintiff Naseem Moharamali was a non-exempt hourly paid interpreter and role

23   player who worked for Tatitlek from May of 2011 to January of 2014.

24        238.   At no time did Plaintiff Naseem Moharamali enter into an agreement with

25   Defendants in regards to taking rest breaks, meal periods, or sleep periods.

---

239.   During each mission, Plaintiff Naseem Moharamali worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

240.   During certain missions, Plaintiff Naseem Moharamali would work more than six days in a seven day period.

241.   Plaintiff Mohamad Mohsen was a non-exempt hourly paid role player who worked for Tatitlek from December of 2010 to April of 2014.

242.   At no time did Plaintiff Mohamad Mohsen enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

243.   During each mission, Plaintiff Mohamad Mohsen worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

244.   During certain missions, Plaintiff Mohamad Mohsen would work more than six days in a seven day period.

245.   Plaintiff Sohrab Moulaiy was a non-exempt hourly paid role player who worked for Tatitlek from August of 2008 to August of 2013.

246.   At no time did Plaintiff Sohrab Moulaiy enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

247.   During each mission, Plaintiff Sohrab Moulaiy worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

248.   During certain missions, Plaintiff Sohrab Moulaiy would work more than six days in a seven day period.

249.   Plaintiff Foteh Muhammad was a non-exempt hourly paid role player who worked for Tatitlek from February of 2011 to November of 2014.

250.   At no time did Plaintiff Foteh Muhammad   enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

251.   During each mission, Plaintiff Foteh Muhammad   worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

252.   During certain missions, Plaintiff Foteh Muhammad   would work more than six days in a seven day period.

253.   Plaintiff Weiss Nawabi was a non-exempt hourly paid role player who worked for Tatitlek from 2008 to approximately 2012.

254.   At no time did Plaintiff Weiss Nawabi enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

255.   During each mission, Plaintiff Weiss Nawabi worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

256.   During certain missions, Plaintiff Weiss Nawabi would work more than six days in a seven day period.

257.   Plaintiff Sulaiman Nazari  was a non-exempt hourly paid role player who worked for Tatitlek from July of 2009 to February of 2014.

258.   At no time did Plaintiff Sulaiman Nazari   enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

259.   During each mission, Plaintiff Sulaiman Nazari  worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

260.   During certain missions, Plaintiff Sulaiman Nazari would work more than six days in a seven day period.

261.   Plaintiff Ahmad Parwez Alborz was a non-exempt hourly paid role player who worked for Tatitlek from 2008 to April of 2013.

262.   At no time did Plaintiff Ahmad Parwez Alborz enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

263.   During each mission, Plaintiff Ahmad Parwez Alborz worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

264.   During certain missions, Plaintiff Ahmad Parwez Alborz would work more than six days in a seven day period.

265.   Plaintiff Najmuddin Rahimi was a non-exempt hourly paid role player who worked for Tatitlek from 2008 through 2014.

266.   At no time did Plaintiff Najmuddin Rahimi  enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

267.   During each mission, Plaintiff Najmuddin Rahimi  worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

268.   During certain missions, Plaintiff Najmuddin Rahimi  would work more than six days in a seven day period.

269.   Plaintiff Mustafa Rahman was a non-exempt hourly paid role player who worked for Tatitlek from March of 2008 until January of 2013.

270.   At no time did Plaintiff Mustafa Rahman enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

271.   During each mission, Plaintiff Mustafa Rahman worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

272.   During certain missions, Plaintiff Mustafa Rahman would work more than six days in a seven day period.

273.   Plaintiff Hoshang Rahmati was a non-exempt hourly paid role player who worked for Tatitlek from 2008 through at least 2011.

274.   At no time did Plaintiff Hoshang Rahmati enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

275.   During each mission, Plaintiff Hoshang Rahmati worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

276.   During certain missions, Plaintiff Hoshang Rahmati would work more than six days in a seven day period.

277.   Plaintiff Faruk Raykar was a non-exempt hourly paid role player who worked for Tatitlek from February 2010 to November of 2014.

278.   At no time did Plaintiff Faruk Raykar enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

279.   During each mission, Plaintiff Faruk Raykar worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

280.   During certain missions, Plaintiff Faruk Raykar would work more than six days in a seven day period.

281.   Plaintiff Aslamuddin Sadruddin was a non-exempt hourly paid role player who worked for Tatitlek from June 2009 through 2012.

282.   At no time did Plaintiff Aslamuddin Sadruddin  enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

283.   During each mission, Plaintiff Aslamuddin Sadruddin  worked more than eight

1   hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or

2   uninterrupted sleep periods and did not receive an accurate itemized wage statement.

3       284.   During certain missions, Plaintiff Aslamuddin Sadruddin  would work more than

4   six days in a seven day period.

5       285.   Plaintiff Hakim Sadry was a non-exempt hourly paid role player who worked for

6   Tatitlek from January 2009 through 2014.

7       286.   At no time did Plaintiff Hakim Sadry  enter into an agreement with Defendants in

8   regards to taking rest breaks, meal periods, or sleep periods.

9       287.   During each mission, Plaintiff Hakim Sadry  worked more than eight hours in a

10  day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted

11  sleep periods and did not receive an accurate itemized wage statement.

12      288.   During certain missions, Plaintiff Hakim Sadry would work more than six days

13  in a seven day period.

14      289.   Plaintiff Solaiman Saifi was a non-exempt hourly paid role player who worked

15  for Tatitlek from December 2009 to February of 2013.

16      290.   At no time did Plaintiff Solaiman Saifi  enter into an agreement with Defendants

17  in regards to taking rest breaks, meal periods, or sleep periods.

18      291.   During each mission, Plaintiff Solaiman Saifi  worked more than eight hours in a

19  day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted

20  sleep periods and did not receive an accurate itemized wage statement.

21      292.   During certain missions, Plaintiff Solaiman Saifi  would work more than six days

22  in a seven day period.

23      293.   Plaintiff Agha Zia Sayed Mohammadzia was a non-exempt hourly paid role

24  player who worked for Tatitlek from January 2010 to December of 2013.

25      294.   At no time did Plaintiff Agha Zia Sayed Mohammadzia  enter into an agreement

1    with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

2        295.   During each mission, Plaintiff Agha Zia Sayed Mohammadzia  worked more

3 than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal

4 periods, or uninterrupted sleep periods and did not receive an accurate itemized wage

5 statement.

6        296.   During certain missions, Plaintiff Agha Zia Sayed Mohammadzia  would work

7 more than six days in a seven day period.

8        297.   Plaintiff Khalid Stanikzai  was a non-exempt hourly paid role player who worked

9 for Tatitlek from August 2008 through 2014.

10       298.   At no time did Plaintiff Khalid Stanikzai enter into an agreement with

11 Defendants in regards to taking rest breaks, meal periods, or sleep periods.

12       299.   During each mission, Plaintiff Khalid Stanikzai worked more than eight hours in

13 a day and forty hours in a workweek, did not receive rest periods, meal periods, or

14 uninterrupted sleep periods and did not receive an accurate itemized wage statement.

15       300.   During certain missions, Plaintiff Khalid Stanikzai would work more than six

16 days in a seven day period.

17       301.   Plaintiff Khalil Tahiry was a non-exempt hourly paid role player who worked for

18 Tatitlek from July 2009 to April 2012.

19       302.   At no time did Plaintiff Khalil Tahiry enter into an agreement with Defendants in

20 regards to taking rest breaks, meal periods, or sleep periods.

21       303.   During each mission, Plaintiff Khalil Tahiry worked more than eight hours in a

22 day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted

23 sleep periods and did not receive an accurate itemized wage statement.

24       304.   During certain missions, Plaintiff Khalil Tahiry would work more than six days

25 in a seven day period.

305.    Plaintiff  Faisal Tarakhil was a non-exempt hourly paid role player who worked for Tatitlek from June of 2010 through June of 2013.

306.    At no time did Plaintiff Faisal Tarakhil enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

307.    During each mission, Plaintiff Faisal Tarakhil worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

308.    During certain missions, Plaintiff Faisal Tarakhil would work more than six days in a seven day period.

309.    Plaintiff Mohammed Wardak was a non-exempt hourly paid interpreter and role player who worked for Tatitlek from February 2012 to march 2014.

310.    At no time did Plaintiff Mohammed Wardak  enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

311.    During each mission, Plaintiff Mohammed Wardak  worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

312.    During certain missions, Plaintiff Mohammed Wardak  would work more than six days in a seven day period.

313.    Plaintiff Mirwais Yaqoobi was a non-exempt hourly paid interpreter and role player who worked for Tatitlek from November 2009 to April of 2014.

314.    At no time did Plaintiff Mirwais Yaqoobi  enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

315.    During each mission, Plaintiff Mirwais Yaqoobi  worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

316.    During certain missions, Plaintiff Mirwais Yaqoobi  would work more than six days in a seven day period.

317.    Plaintiff Khatereh Yazdani was a non-exempt hourly paid role player who worked for Tatitlek from August 2010 to September of 2013.

318.    At no time did Plaintiff Khatereh Yazdani enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

319.    During each mission, Plaintiff Khatereh Yazdani worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

320.    During certain missions, Plaintiff Khatereh Yazdani would work more than six days in a seven day period.

321.    Plaintiff Maryam Yazdani was a non-exempt hourly paid role player who worked for Tatitlek from in August 2010 to September of 2013.

322.    At no time did Plaintiff Maryam Yazdani enter into an agreement with Defendants in regards to taking rest breaks, meal periods, or sleep periods.

323.    During each mission, Plaintiff Maryam Yazdani worked more than eight hours in a day and forty hours in a workweek, did not receive rest periods, meal periods, or uninterrupted sleep periods and did not receive an accurate itemized wage statement.

324.    During certain missions, Plaintiff Maryam Yazdani would work more than six days in a seven day period.

325.    Defendants are aware of, and are able to comply with, all aspects of the FLSA and California Labor Code.

326.    Plaintiffs have retained the law firm of Phillips Dayes National Employment Law Firm PC, to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on their behalf.

## COUNT ONE
### (Failure to Pay Proper Overtime Wages – FLSA – 29 U.S.C. § 207)

327.   Plaintiffs incorporate and adopt paragraphs 1 through 326 above as if fully set forth herein.

328.   While employed with Defendants, Plaintiffs consistently and regularly worked multiple hours of overtime a week.

329.   Defendants have intentionally failed and/or refused to pay Plaintiffs' overtime according to the provisions of the FLSA.

330.   Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs  in accordance with § 207 of the FLSA.

331.   As a result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive compensation in accordance with § 207 of the FLSA.

332.   Under 29 U.S.C.§216 Defendants are liable to Plaintiffs  for an amount equal to one and one-half  times their regular pay rate for each hour of overtime worked per week.

333.   In addition to the amount of unpaid wages owed to Plaintiffs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

334.   Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

335.   Defendants have not made a good faith effort to comply with the FLSA.

336.   Plaintiffs are also entitled to an award of attorneys' fees pursuant to 29 U.S.C §

216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

a.  Awarding Plaintiffs  overtime compensation in the amount due to them for all of Plaintiffs' time worked in excess of forty (40) hours per work week at an amount equal to one and one-half  times Plaintiffs' regular rate while at work with Defendants;

b.  Awarding Plaintiffs liquidated damages in an amount equal to the overtime award pursuant to 29 U.S.C. § 216(b)

c.  Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  For Plaintiffs' costs incurred in this action;

e.  Awarding Plaintiffs  pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiffs  post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.  For such other and further relief as the Court deems just and proper.

## COUNT TWO
## UNLAWFUL FAILURE TO PAY OVERTIME WAGES
### (Violation California Wage Order California Labor Code §§ 510, 1194, and 1198)

337.   Plaintiffs incorporate and adopt paragraphs 1 through 336 above as if fully set forth herein.

338.    Plaintiffs, on many occasions, worked in excess of eight hours in a workday and forty hours in a workweek.

339.    On many occasions Plaintiffs worked more than twelve hours in a work day.

340.    On some occasions, Plaintiffs worked more than six days in a seven day period.

341.    Defendants refused to compensate Plaintiffs for all of the overtime wages earned, in violation of the provisions of the applicable IWC Wage Order and California Labor Code.

342.    At all relevant times, Defendants were aware of, and were under a duty to comply with, the overtime provisions of the applicable IWC Wage Order and California Labor Code, including, but not limited to, the following:

a.  Labor Code § 510: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in anyone workweek and the first eight hours worked on the seventh day of work in anyone workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee ..."

b.  Labor Code § 510: "Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

c.  Labor Code § 1194: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

1          d. Labor Code § 1198: "[t]he maximum hours of work and the standard

2                conditions of labor fixed by the commission shall be the maximum hours of

3                work and the standard conditions of labor for employees. The employment of

4                any employee for longer hours than those fixed by the order or under

5                conditions of labor prohibited by the order is unlawful."

6       343.   By refusing to compensate Plaintiffs for overtime wages earned, Defendants

7 violated those California Labor Code provisions cited herein, as well as any applicable

8 California Industrial Welfare Commission Wage Order.

9       344.   As a direct and proximate result of Defendants' unlawful conduct, as set forth

10 herein, Plaintiffs have sustained damages, including loss of earnings for hours of overtime

11 worked on behalf of Defendants, in an amount to be established at trial, and is entitled to

12 recover attorneys' fees and costs of suit.

13       345.   Pursuant to Labor Code § 1194, Plaintiffs are entitled to recover their unpaid

14 overtime, attorney's fees, and costs.

15       WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor

16 against Defendants as follows:

17          a. That the Court declare, adjudge, and decree that Defendants violated the wage

18                (including overtime) provisions of the California Labor Code as to Plaintiffs;

19          b. That the Court declare, adjudge, and decree that Plaintiffs were, at all times

20                relevant herein, entitled to overtime pay at 1.5x for work beyond eight hours in a

21                day and forty hours in a week;

22          c. That the Court declare, adjudge, and decree that Plaintiffs, at all times relevant

23                herein, entitled to overtime pay at double time for work beyond twelve hours in a

24                day and for work on the seventh day of seven day period if Plaintiffs worked the

25                entire seven days;

d.   That the Court award to Plaintiffs damages and restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

e.   For Plaintiffs' costs incurred in this action;

f.   That the Court order Defendants to pay restitution to Plaintiffs as a result of Defendants' unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

g.   Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

h.   For reasonable attorneys' fees, pursuant to California Labor Code § 1194 and/or California Code of Civil Procedure § 1021.5;

i.   That the Court further enjoin Defendants, ordering them to cease and desist unlawful activities in violation of California Business and Professions Code § 17200, *et seq*.;

j.   For such other and further relief as the Court deems just and proper.


**COUNT THREE**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(California Labor Code §§ 226.7 and 512)**

346.   Plaintiffs incorporate and adopt paragraphs 1 through 346 above as if fully set forth herein.

347.   At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code §§ 226.7 and 512.

348.   California Labor Code § 226.7 provides:

a.  No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

b.  If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

349.   Moreover, California Labor Code § 512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived. The applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt misclassified) employees.

350.   The applicable IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes... (B) An employer may not employ an employee for a work

period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes... (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

351.   Moreover, the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof... (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

352.   By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted ten-minute net rest periods to Plaintiffs, Defendants violated the California Labor Code and the IWC Wage Order provisions.

353.   By failing to consistently provide a second uninterrupted thirty-minute meal period for ten hour work days and/or a second uninterrupted ten-minute net rest period to Plaintiffs, Defendants violated the California Labor Code and the IWC Wage Order provisions.

354.   Plaintiffs are informed and believe and, on that basis, allege that Defendants have never paid the one hour of compensation to Plaintiffs, due to its violations of the California Labor Code and the IWC Wage Order provisions.

355.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants, as follows:

    a.  That the Court declare, adjudge, and decree that Defendants violated the meal time and break provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to the Plaintiffs;

    b.  That the Court declare, adjudge, and decree that Plaintiffs were, at all times relevant herein, entitled to meal times and breaks;

    c.  That the Court make an award to Plaintiffs damages and restitution for the lack of breaks in an amount of one additional hour of pay at their regular rate of compensation for each work day that the meal or rest period is not provided including interest thereon, and penalties in an amount to be proven at trial;

    d.  For Plaintiffs costs incurred in this action;

    e.  That the Court order Defendants to pay restitution to Plaintiffs as a result of Defendants' unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

f.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.  For reasonable attorneys' fees, pursuant to California Labor Code § 1194 and/or California Code of Civil Procedure § 1021.5;

h.  That the Court further enjoin Defendants, ordering it to cease and desist unlawful activities in violation of California Business and Professions Code § 17200, *et seq*.; and

i.  For such other and further relief as the Court deems just and proper.

## COUNT FOUR
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### (California Labor Code §§ 226 and 1174)

356.   Plaintiffs incorporate and adopt paragraphs 1 through 355 above as if fully set forth herein.

357.   At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code §§ 226 and 1174.

358.   California Labor Code §226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee …"

359.   California Labor Code § 226(e) provides that an employee suffering injury as a result of a failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of their actual damages or a penalty of $50 for the initial pay period which a violation occurs and $100 per employee for each violation in subsequent pay periods (up to a maximum of $4,000), in addition to attorneys' fees and costs.

360.   Defendants violated California Labor Code §226(a) by failing to provide accurate wage statements to Plaintiffs.

361.   The wage statements provided did not list the actual total hours worked by Plaintiffs. As a result, Plaintiffs were damaged in that they could not determine whether or not they had been accurately paid.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants:

    a.  That the Court declare, adjudge, and decree that Defendants violated Labor Code § 226(a) by failing to provide accurate itemized wage statements.

    b.  That the Court declare, adjudge, and decree that Plaintiffs were, at all times relevant herein, entitled to accurate itemized wage statements

    c.  That the Court make an award to Plaintiffs damages and restitution for the lack of accurate itemized wage statements, including interest thereon, and penalties in an amount to be proven at trial;

    d.  For Plaintiffs costs incurred in this action;

    e.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

    f.  That the Court further enjoin Defendants, ordering it to cease and desist unlawful activities in violation of California Business and Professions Code § 17200, *et seq.*; and

    g.  For such other and further relief as the Court deems just and proper.

**COUNT FIVE**
**WAITING TIME PENALTIES**
**(California Labor Code §§ 201-203)**

362.   Plaintiffs incorporate and adopt paragraphs 1 through 361 above as if fully set forth herein.

363.   California Labor Code §201 provides: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

364.   California Labor Code §202 provides: "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

365.   California Labor Code §203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

366.   Some of the Plaintiffs have left their employment with Defendants during the applicable statutory period, at which time Defendants owed them unpaid wages. Those earned but unpaid wages were earned from time spent working through meal and rest breaks, time spent working through sleep periods, and from time spent working with the Marines that Defendants did not credit as time worked.

367.   Defendants willfully refused, and continue to refuse, to provide Plaintiffs with meal and rest period premium pay, sleep period pay, and with payment for the off-the-clock work performed by Plaintiffs. Defendants were aware of the time Plaintiffs worked but nevertheless refused to compensate Plaintiffs for this work performed.

368.   Defendants willfully refused and continue to refuse to compensate Plaintiffs that have left their employment with Defendants all the wages that were due and owing to them at the end of their employment.

1      369.   As a result of Defendants' actions, Plaintiffs have suffered and continue to suffer

2   substantial damages.

3      370.   Defendants' willful failure to pay the Plaintiffs who are former employees the

4   wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result,

5   Defendants are liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

6      WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor

7   against Defendants, as follows:

8         a.  That the Court declare, adjudge, and decree that Defendants violated Labor Code

9             §§201-203(a) by failing to pay Plaintiffs their earned and unpaid wages within 72

10            hours of the end of their employment.

11        b.  Continuing statutory penalties pursuant to Labor Code §203 in the amount of the

12            wages from the date they were due through a thirty day period;

13        c.  That the Court make an award to Plaintiffs damages and restitution for these

14            "waiting penalties" including interest thereon, and penalties in an amount to be

15            proven at trial;

16        d.  For Plaintiffs costs incurred in this action;

17        e.  Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all

18            awards from the date of such award until paid in full;

19        f.  That the Court further enjoin Defendants, ordering it to cease and desist unlawful

20            activities in violation of California Business and Professions Code § 17200, *et*

21            *seq*.; and,

22        g.  For such other and further relief as the Court deems just and proper.

23

24

25

1
2

**COUNT SIX**
**UNFAIR COMPETITION LAW**
**(Bus. And Prof. Code § 17200, *et seq*.)**

3
4

371.    Plaintiffs incorporate and adopt paragraphs 1 through 370 above as if fully set forth herein.

5
6
7
8
9

372.    The conduct alleged in this complaint by Defendants constituted unfair and unlawful business practices in violation of the California Unfair Competition Law, Bus. & Prof. Code §17200, et seq., in that the violations of the FLSA, California Labor Code, and Wage Orders alleged also constitute unlawful and unfair business practices under the Unfair Competition Law.

10
11
12
13
14
15

373.    Bus. & Prof. Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of conduct that violates the Unfair Competition Law. As a result of the conduct alleged in this complaint, Plaintiffs were injured and suffered the loss of money in the amount of unpaid overtime pay, meal periods, rest periods, and sleep periods. Plaintiffs are entitled to all wages unlawfully withheld from them as a result of the unfair and unlawful conduct of Defendants.

16
17

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants, as follows:

18
19

a.    That Defendants account for, and restore to Plaintiffs all compensation unfairly and unlawfully withheld from them;

20

b.    For Plaintiffs costs incurred in this action;

21
22

c.    Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

23
24
25

d.    That the Court further enjoin Defendants, ordering it to cease and desist unlawful activities in violation of California Business and Professions Code § 17200, *et seq*.; and,

e.   For such other and further relief as the Court deems just and proper.

**COUNT SEVEN**
**DECLARATORY RELIEF**

374.   Plaintiffs incorporate and adopt paragraphs 1 through 373 above as if fully set forth herein.

375.   Plaintiffs and Defendants have a FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

376.   The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

377.   Plaintiffs may obtain declaratory relief.

378.   Defendants employed Plaintiffs.

379.   Defendants' business is an enterprise covered by the FLSA.

380.   Plaintiffs were individually covered by the FLSA.

381.   Plaintiffs are entitled to overtime wages pursuant to 29 U.S.C. § 207.

382.   Plaintiffs are entitled to an equal amount of liquidated damages as Defendants' policy of failing to pay proper overtime compensation remain in effect.

383.   The damages suffered by Plaintiffs are ongoing.

384.   Plaintiffs will suffer future damages for which there is no adequate remedy at law.

385.   Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

386.   It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

387.    The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in his favor against the Defendants:

     a.   Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA; and,

     b.   For such other and further relief as the Court deems just and proper.

**COUNT EIGHT**
**DECLARATORY RELIEF**

388.    Plaintiffs incorporate and adopt paragraphs 1 through 387 above as if fully set forth herein.

389.    The Court also has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the California Declaratory Relief Act, California CCP. §§ 1060-1062.5.

390.    Plaintiffs may obtain declaratory relief.

391.    Defendants employed Plaintiffs.

392.    Defendants violated Labor Codes §§ 512 and 226.7 by failing to provide an uninterrupted 30 minute meal break for a work period of five hours or more.

393.    Defendants further violated Labor Codes §§ 512 and 226.7 by failing to provide a second uninterrupted 30 minute meal break for a work period of ten hours per day.

394.    Defendants did not provide Plaintiffs with a ten minute rest period for every four hours worked.

395.    As certain missions were seven day missions, Defendants violated Labor Codes §§ 551 and 552 by forcing Plaintiffs to work seven straight days without a day off.

396.    Defendants violated Labor Code §§ 510 and 1198 by failing to pay overtime at

the rate of time and a half for all hours worked in excess of 8 and up to and including 12 hours in any workday, and for the first 8 hours of work on the seventh consecutive day of work in a workweek, and double the employee's regular rate of pay for all hours worked in excess of 12 in any workday and for all hours worked in excess of 8 on the seventh consecutive day of work in a workweek.

397.   Defendants violated Labor Codes §§ 226 and 1174 by failing to provide Plaintiffs an accurate itemized statement showing the total hours worked by Plaintiffs.

398.   It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the California Labor Code.

399.   The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in his favor against the Defendants, as follows:

a.   Declaring, pursuant to California CCP. § 1060, that the acts and practices complained of herein are in violation of the California Labor Code; and,

b.   For such other and further relief as the Court deems just and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## DEMAND FOR JURY TRIAL

Plaintiffs hereby requests that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: March 13, 2015               Respectfully submitted,

**PHILLIPS DISABILITY PC**

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

By   /s/ Dennis Evans
      Dennis Evans
      Trey Dayes

Attorney for Plaintiffs